IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| HUBLINK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ZOOM VIDEO COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Hublink, LLC ("Hublink"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.     Hublink is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2.     Defendant Zoom Video Communications, Inc. is a Delaware company with, upon information and belief, a place of business located at 8717 W. 110th St., Suite 500, Overland Park, Kansas 66210.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.     Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals

in this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

**THE PATENT-IN-SUIT**

7.      On June 29, 2004, U.S. Patent No. 7,239,338 (the "'338 patent"), entitled "Videophone System and Method," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '338 patent is attached hereto as Exhibit A.

8.      The '338 patent solves problems of providing real time video conferencing.

9.      The claims of the '338 patent effect an improvement in video conferencing to solve the problems of relatively high cost, complexity both in design and use, the inability to concurrently provide quality image and sound, and the inability to provide a network infrastructure capable of two-way communications with minimal signal degradation.

10.      Hublink is the assignee and owner of the right, title and interest in and to the '338 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,239,338**

11.      Hublink repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12.      Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claim 12 of the '338 patent by making, using, importing, offering for sale, and/or selling a videophone communication system in the form of the Zoom Cloud Video Conferencing software platform and mobile application for placing video calls between computers and mobile devices.

2

13.     More specifically and upon information and belief, Defendant uses a videophone communication system in the form of the Zoom Cloud Video Conferencing software platform and mobile application for placing video calls between computers and mobile devices. *See* https://zoom.us/feature (last accessed Aug. 25, 2017); https://support.zoom.us/hc/en-us/articles/201362033-Getting-Started-on-PC-and-Mac (last accessed Aug. 25, 2017); https://play.google.com/store/apps/details?id=us.zoom.videomeetings (last accessed Aug. 25, 2017); https://itunes.apple.com/us/app/zoom.us-cloud-video-meetings/id546505307 (last accessed Aug. 25, 2017). The Zoom Cloud Video Conferencing software and mobile app requires computers and mobile devices to connect over a communications media (e.g., LAN, LTE, or Wi-Fi) with sufficient bandwidth for and configured for real-time video and audio communication. *See* https://support.zoom.us/hc/en-us/articles/201362023-System-Requirements-for-PC-and-Mac (last accessed Aug. 25, 2017); https://support.zoom.us/hc/en-us/articles/201179966-System-Requirements-for-iOS-and-Android (last accessed Aug. 25 ,2017). The Zoom Cloud Video Conferencing software and mobile app require the communications media to be connected to a common communications network (e.g., WAN) with sufficient bandwidth for and configured for real-time video and audio communication. *See* https://support.zoom.us/hc/en-us/articles/201362023-System-Requirements-for-PC-and-Mac (last accessed Aug. 25, 2017); https://support.zoom.us/hc/en-us/articles/201179966-System-Requirements-for-iOS-and-Android (last accessed Aug. 25 ,2017). The Zoom Cloud Video Conferencing software and mobile app uniquely identify each computer or mobile device and their addresses on the communication network using an IP address or other identifying information. *See* https://www.youtube.com/embed/BGH1y70zSkg?rel=0&autoplay=1 (last accessed Aug. 25, 2017). For example, Zoom Cloud Video Conferencing identifies each device

participating in a meeting, and the address of the device must be known in order to transmit information to and from the device.



*Id.*  Zoom stores at an operations center the IP addresses (or other identifying information such as a MAC address or e-mail address) of computers and mobile devices in order to facilitate video calls between them.  *See id.* (last accessed Aug. 25, 2017).  The Zoom Cloud Video Conferencing software and mobile app on a first mobile device accesses stored information (e.g., IP address or other identifying information) about a second mobile device from a Zoom server, which allows the first mobile device to transmit and receive video and audio to and from the second mobile device.  *See* https://www.youtube.com/embed/BGH1y70zSkg?rel=0&autoplay=1 (last accessed Aug. 25, 2017).  The Zoom Cloud Video Conferencing software and mobile app connect one user to another through the communications network and communications media and establishes a transmission of audio and video from the computer or mobile device of one user to the computer or mobile device of another user.  *See id.*

14.     Hublink is entitled to recover from Defendant the damages sustained by Hublink as a result of Defendant's infringement of the '338 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

## JURY DEMAND

Hublink hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hublink requests that this Court enter judgment against Defendant as follows:

A.      An adjudication that Defendant has infringed the '338 patent;

B.      An award of damages to be paid by Defendant adequate to Hublink for Defendant's past infringement of the '338 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Hublink's reasonable attorneys' fees;

D.      An award to Hublink of such further relief at law or in equity as the Court deems just and proper.

Dated:  August 25, 2017

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Facsimile:  (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Hublink, LLC*